UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL I. GOLDBERG, as Receiver
for W.L. Ware Enterprises and Investments,
Inc. d/b/a Ware Enterprises and Investments,
Inc., Ware Enterprises and Investments,
LLC, d/b/a W.L. Ware Enterprises and
Investments, LLC,

                Plaintiff,

CASE NO. 6:05-CV-1545-ORL-18-JGG

v.

SMG & ASSOCIATES, LLC d/b/a
CASTLE POINT LANDSCAPE,

                Defendant.
_____/

### RECEIVER'S VERIFIED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND FOR RELATED RELIEF

Michael I. Goldberg (the "Receiver"), as Receiver for W.L. Ware Enterprises and Investments, Inc., d/b/a Ware Enterprises and Investments, Inc., Ware Enterprises and Investments, LLC, d/b/a W.L. Ware Enterprises and Investments, LLC (collectively, "Ware Enterprises"), by and through undersigned counsel, hereby sues SMG & ASSOCIATES, LLC d/b/a CASTLE POINT LANDSCAPE ("Defendant") and alleges:

### GENERAL ALLEGATIONS

1. The Receiver was appointed by the United States District Court for the Middle District of Florida as the Receiver for Ware Enterprises pursuant to Order dated January 27, 2004, and was re-appointed as Receiver for Ware Enterprises pursuant to Order dated August 29, 2005. These Orders were entered in the action styled: *Securities*

{OR937461;1}

*and Exchange Commission v. W.L. Ware Enterprises and Investments, Inc., d/b/a Ware Enterprises and Investments, Inc., Ware Enterprises and Investments, LLC, and W.L. Ware Enterprises and Investments, LLC,* Case Number 6:04-CV-112-ORL-18JGG.

2.  A copy of the *SEC v. Ware* complaint, along with a copy of the Order Re-Appointing the Receiver, was filed in the United States District Court for the District of New Jersey within ten (10) days of the order re-appointing the Receiver, in accordance with 28 U.S.C. s. 754.

3.  Under the terms of the Receivership Orders, the Receiver is authorized to investigate the affairs of Ware Enterprises, to marshal and safeguard these companies' assets, and to institute legal proceedings for the benefit and on behalf of Ware Enterprises' investors and other creditors against individuals or entities which the Receiver claims have improperly received funds traceable from investors of Ware Enterprises, including but not limited to actions seeking constructive trusts, disgorgement of profits and recovery and avoidance of fraudulent transfers under Florida Statute § 726.101, *et seq.* or otherwise.

4.  Defendant improperly received funds traceable from investors of Ware Enterprises, and the Receiver seeks to avoid these transfers under Florida's Uniform Fraudulent Transfer Statute.

5.  Defendant is a limited liability company with its principal place of business in Union County, New Jersey.

6.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 754 and principles of ancillary or supplemental jurisdiction under 28 U.S.C. §

1367. This complaint is brought to accomplish the objectives of the Receivership Orders and is thus ancillary to the Court's exclusive jurisdiction over the receivership estate. Hence, venue is proper as well.

7. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(D), 28 U.S.C. s. 1692 and 28 U.S.C. s. 754.

## FACTS

8. Between early 2000 and January, 2003, Ware Enterprises raised approximately $28.5 million by soliciting over 900 investors nationwide as a part of a classic "Ponzi" scheme to defraud investors. Ware Enterprises accomplished this through an offering of unregistered securities referred to as the "Dreamkeeper Program" (the "Program").

9. Ware Enterprises promised investors a guaranteed ten percent (10%) monthly return for the initial ten-month period of the investment, followed by either a five percent (5%) or ten percent (10%) perpetual monthly return.

10. Company records demonstrate that Ware Enterprises collected approximately $28.5 million from investors with only a small fraction of the money actually having been invested. Approximately $23 million was paid out to investors in the form of so-called "interest" payments. An estimated $6.5 million of the "interest" payments was paid in profits -- i.e., amounts in excess of the principal amount invested by the investors. The source of these "interest" payments was not from bone fide investments, but from investment funds received from other investors.

11. The "interest" payments were made to investors on a monthly basis. Investors received an initial prorated "interest" payment on the first of the month following the month in which they invested. Thereafter, each "interest" payment equaled ten percent (10%) of the investor's total active account value until the investor's principal was repaid in full. In accordance with the structure of the Program, investors were to receive a return of their entire principal within a ten month period.

12. Payments to the first investors began in early 2000 and ended on January 26, 2004.

13. All payments were made from a Bank of America business checking account owned by Ware Enterprises and Investments, Inc. Each check was made payable to the investor by name. Attached to each check was a distribution stub which tracked the investor's active account value and the total amount distributed to the investor.

14. Ware Enterprises paid Defendant the sum of $23,838.64, as reflected in **Exhibit "A"** which is attached and incorporated herein, in excess of Defendant's original investment (the "Profit Payments").

15. The Profit Payments were made within four years preceding the date of this Complaint.

### FIRST CLAIM FOR RELIEF - FRAUDULENT TRANSFERS
### (Florida Statute § 726.105(1)(a))

16. The Receiver realleges and reavers paragraphs 1 through 15 as if fully set forth herein.

17. This claim seeks to set aside the Profit Payments to Defendant pursuant to Florida Statute § 726.105(1)(a).

18. The Profit Payments were made with actual intent to hinder, delay or defraud Ware Enterprises' creditors specifically including, but not limited to, the other investors.

19. The Receiver may avoid the Profit Payments pursuant to Florida Statute § 726.105(1)(a) and recover the Profit Payments for the benefit of the investors and other creditors pursuant to the Receivership Order dated August 29, 2005.

**WHEREFORE**, the Receiver respectfully requests that this Court enter a judgment against Defendant, and find as follows:

    a. determine that the Profit Payments set forth above are fraudulent and avoidable pursuant to § 726.105(1)(a) of the Florida Statutes;

    b. enter judgment against Defendant in the amount of the total sum specified in Exhibit A, together with court costs and prejudgment interest at the legal rate;

    c. such other and further relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF - FRAUDULENT TRANSFERS
### (Florida Statute § 726.105 (1)(b))

20. The Receiver realleges and reavers paragraphs 1 through 15 as if fully set forth herein.

21. This claim seeks to set aside the Profit Payments to Defendant pursuant to Florida Statute § 726.105(1)(b).

22. Ware Enterprises did not receive a reasonably equivalent value in exchange for the Profit Payments.

23. When the Profit Payments were made, Ware Enterprises was engaged in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

24. When the Profit Payments were made, Ware Enterprises intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

25. The Receiver may avoid the Profit Payments pursuant to Florida Statute § 726.105(1)(b) and recover the Profit Payments for the benefit of the investors and other creditors pursuant to the Receivership Order dated August 29, 2005.

**WHEREFORE**, the Receiver respectfully requests that this Court enter a judgment and find as follows:

    a. determine that the Profit Payments set forth above are fraudulent and avoidable pursuant to § 726.105(1)(b) of the Florida Statutes;

    b. enter judgment against Defendant in the amount of the total sum specified in Exhibit A, together with court costs and prejudgment interest at the legal rate; and

    c. such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF - FRAUDULENT TRANSFERS
### (Florida Statute § 726.106 (1))

26. The Receiver realleges and reavers paragraphs 1 through 15 as if fully set forth herein.

27. This claim seeks to set aside the Profit Payments to Defendant pursuant to Florida Statute § 726.106(1).

28. Ware Enterprises did not receive a reasonably equivalent value in exchange for any of the Profit Payments made.

29. Ware Enterprises was insolvent at the time of the transfers, or became insolvent as a result of the transfers.

30. The Receiver may avoid the Profit Payments pursuant to Florida Statute § 726.106(1) and recover the Profit Payments for the benefit of the investors and other creditors pursuant the Receivership Order dated August 29, 2005.

**WHEREFORE**, the Receiver respectfully requests that this Court enter a judgment against Defendant, and find as follows:

    a. determine that the Profit Payments set forth above are fraudulent and avoidable pursuant to § 726.106(1) of the Florida Statutes;

    b. enter judgment against Defendant in the amount of the total sum specified in Exhibit A, together with court costs and prejudgment interest at the legal rate; and

    d. such other and further relief as this Court deems just and proper.

## VERIFICATION

I declare and verify under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of October, 2005.

_____
Michael I. Goldberg, Receiver for W.L. Ware
Enterprises and Investments, Inc. d/b/a
Ware Enterprises and Investments, Inc.,
Ware Enterprises and Investments, LLC,
d/b/a W.L. Ware Enterprises and Investments,
LLC.

Respectfully submitted,

_____
Kathryn B. Hoeck, Esq.
Florida Bar No.: 813060
Jill E. Kelso, Esq.
Florida Bar No.: 578541
**AKERMAN SENTERFITT**
255 S. Orange Avenue, 17th Floor
Orlando, FL  32801
Telephone:  (407) 843-7860
Facsimile:  (407) 843-6610
kathy.hoeck@akerman.com
jill.kelso@akerman.com

**ATTORNEYS FOR THE RECEIVER**

# EXHIBIT A

## Payment History:
## SMG and Associates, LLC d/b/a Castle Point Landscape

Total Investment: $56,000.00

|   | Date | Check Number | Payee | Check Amount | Amount Profit | Date Negotiated | Payment Description |
|---|---|---|---|---|---|---|---|
| 1 | 2/1/2003 | 3299 | SMG & Assoc., LLC | $3,600.00 | Principal | 2/24/2003 | February Distribution |
| 2 | 4/1/2003 | 3827 | SMG & Assoc., LLC | $3,500.00 | Principal | 4/25/2003 | April Distribution |
| 3 | 5/1/2003 | 4318 | SMG & Assoc., LLC | $3,600.00 | Principal | 5/27/2003 | May Distribution |
| 4 | 6/1/2003 | 4732 | SMG & Assoc., LLC | $3,772.73 | Principal | 6/25/2003 | June Distribution |
| 5 | 6/22/2003 | 4812 | SMG & Assoc., LLC | $20,675.00 | Principal | 6/25/2003 | June Distribution |
| 6 | 7/1/2003 | 5300 | SMG & Assoc., LLC | $7,890.91 | Principal | 7/29/2003 | July Distribution |
| 7 | 8/1/2003 | 5802 | SMG & Assoc., LLC | $9,200.00 | Principal | 9/2/2003 | August Distribution |
| 8 | 9/1/2003 | 6644 | SMG & Assoc., LLC | $9,200.00 | Principal | 10/1/2003 | September Distribution |
| 9 | 12/1/2003 | 8046 | SMG & Assoc., LLC | $27,600.00 | $23,838.64 | 12/23/2003 | December Distribution |

**TOTAL     $23,838.64**

FT286212.XLS